IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 DEC 28  P 2: 42

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| JEFFERY JAMES JACKSON,      ) | |
| ) | |
| Petitioner,      ) | |
| ) | CIVIL ACTION NO. |
| vs.      ) | 2:05-CV-1074-F |
| ) | |
| D. T. MARSHALL, et al.,      ) | |
| ) | |
| Respondents.      ) | |

## ANSWER

Come now Respondents, by and through the Attorney General of Alabama, to respond to the Order to Show Cause issued by this Honorable Court on November 10, 2005.

## PROCEDURAL HISTORY

The petitioner, Jeffrey James Jackson, was indicted by the Montgomery County Grand Jury on January 11, 1991, for third-degree theft of property in violation of Section 13A-8-5 of the Code of Alabama (1975), and breaking and entering a vehicle in violation of Section 13A-8-11 (b) of the Code of Alabama (1975). Jackson pleaded guilty to the charges on June 11, 1991, and he was

sentenced to twelve months in county jail on the charge of third-degree theft, and to fifteen years on the charge for breaking and entering a vehicle. The sentences were ordered to run concurrently. The sentence on the breaking and entering a vehicle was split, and Jackson was ordered to serve three years in the penitentiary, and three years on supervised probation. Jackson was required to appear before the trial court for review before he was released from incarceration. Jackson did not appeal from the entry of the judgments.

On March 14, 1994, Jackson was granted parole. The circuit court records do not show how or why parole was granted on a case involving a split sentence, where Jackson would have been released on probation after serving three years of imprisonment.

The trial court records do not show if, or why, parole was revoked. The records show, however, that on March 23, 1995, Jackson's split sentence was revoked and the sentence was amended to a straight fifteen-year sentence.

The circuit court records show that Jackson was placed on delinquency status on May 30, 2002. This order was probably improper because Jackson's probation had been revoked and he was serving time on the original fifteen-year sentence. His probation, however, was reinstated on June 17, 2002. This probably was also error because the trial court had no jurisdiction to reinstate the probation. See Hollis v. State, 845 So. 2d 5, 7 (Ala. Crim. App. May 31, 2002) ("Therefore, it

was not within the purview of the trial court to alter or amend Hollis's original sentences. Its only sentencing option was to impose that portion of the sentence that had been suspended at the original hearing -- 13 years. See § 15-22-54(e) (2), Ala. Code 1975. The trial court did not have jurisdiction to alter or amend the reinstated balance sentence of 13 years, that is, to suspend or split the remaining 13-year sentence.").

On February 23, 2004, Jackson was declared delinquent on various grounds, including his arrest on new charges of robbery and murder. Circuit Judge Truman Hobbs, the judge to whom Jackson has been referred, recognizes that the probation could not have been reinstated, and that Jackson could not be held delinquent on the probation. Judge Hobbs has indicated that he will set aside the order that declared the delinquency.

## ISSUES RAISED IN THE FEDERAL HABEAS PETITION

1) The state court's rulings violated the Alabama Rules of Court and clearly established federal law because the state trial court revoked the probation and amended the sentence to a straight sentence even though the state trial court had no jurisdiction to revoke the probation.

2) The state court failed to follow the Alabama Rules of Criminal Procedure when the trial court entered an order and found him (Jackson) delinquent without informing him of the nature of the delinquency.

    3)    The State prosecuted him twice for the breaking and entering a vehicle charge, which violated his right against double jeopardy.

    4)    Jackson raised the same double jeopardy claim that was raised in Ground Four.

In a motion to amend the petition filed on November 30, 2005, Jackson raised the following claim:

    1)    That he is held in delinquent status on three offenses: breaking and entering a vehicle and third-degree theft of property (CC-91-163); second-degree receiving stolen property (CC-99-2133). He contents, apparently, that his sentences in CC-91-163 have ended because they were ordered to run concurrently with the sentence in CC-81-723. He also contends that his sentence in CC-99-2133, a twelve-year term, was split and he was ordered to serve three years of imprisonment and the rest on probation. He contends that this sentence was imposed on June 17, 2002, and that his three year prison term ended on June 17, 2005.

    2)    He also complains that one guilty plea in his name was set aside because another defendant had entered the plea. Jackson also alleges that he would not have entered guilty pleas if he had known that someone forged his name in CC-91-163 and CC-99-2133.

## CLAIMS RAISED ON DIRECT APPEAL

Jackson did not an appeal from the entry of the guilty pleas in CC-91-163.

4

# EXHAUSTION OF CLAIMS RAISED
# IN THE FEDERAL HABEAS PETITION

## (A)

## EXHAUSTED CLAIMS

It is impossible to construct a complete procedural history of Jackson's case because the circuit clerk's office did not have complete records of all filings in its files. The petition for relief from conviction under Rule 32 of the <u>Alabama Rules of Criminal Procedure</u>, one of the two petitions for writ of habeas corpus and other motions filed in the circuit were missing from the files.

The records from the Court of Criminal Appeals indicate that Jackson raised these claims in motions filed with that court.

### Jackson's Claim That He Is Being Held In Delinquent Status Is Moot Because Of Judge Hobbs's Order.

It is difficult to determine what relief Jackson is seeking. His claim is moot, however, to the extent that he seeks the removal of his delinquent status. Judge Hobbs has indicated that his order will remove the delinquent status from CC-91-163.

The elimination of delinquent status will have the effect of giving him an "end-of-sentence" status on CC-91-163, even though his fifteen-year sentence

should not have officially ended until June 11, 2006. He was given this "gift" by the Department of Corrections because this sentence was ordered to run "co-terminous" with CC-81-723. (See Exhibit A, page 34) The Department of Corrections construes all "co-terminous" sentences to end when the longest "co-terminous" sentence comes to an end. Because the twenty-year-sentence for robbery in CC-81-723 came to an end on February 2, 2001, the fifteen-year-sentence for the breaking and entering a vehicle in CC-91-163 also ended, even though the sentence should have not ended until June 11, 2006.

### Jackson Is Subject To Delinquent Status On The June 17, 2002 Conviction.

Jackson alleges that he was sentenced to three years of imprisonment and twelve years of probation on the June 17, 2002 conviction. Because he is still serving time on probation for this offense, he is still subject to being found delinquent and having his probation revoked. Contrary to his assertion, he has not reached the end of sentence on this conviction.

6

## Jackson Is Being Held In Custody Pursuant To Additional
## Charges, Not Necessarily Pursuant To Any Delinquency Status.

Jackson is being held in custody because he has been charged with additional crimes of murder and robbery. Jackson allegedly committed the crimes on February 9, 2004, and was arrested on February 18, 2004. His case was submitted to the grand jury on March 26, 2004, but the grand jury has not yet returned an indictment.

Jackson's present custody status is a direct result of his new charges, and not necessarily a result of the delinquent status. Even though Judge Hobbs has removed, or will remove, the delinquent status, Jackson will still be held in custody on the pending charges. Consequently, Jackson is not entitled to relief on any ground raised in this petition.

Whereas Respondents have shown that Jackson is not entitled to relief on his claims, this petition should be denied.

## EXHIBITS

The case action summary sheet on Jackson's case is designated Exhibit A.

Also attached are various motions and petitions Jackson filed in state courts. (Exhibits B-I)

Respectfully submitted,

Troy King – KIN047
*Attorney General*


_____
James B. Prude (PRU005)
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>28th</u> day of December, 2005, I served a copy of the foregoing (including exhibits) on the Petitioner, by placing the same in the United States Mail, first class, postage prepaid, and addressed as follows:

Jeffrey James Jackson
Montgomery County Detention Center
250 McDonough Street
Montgomery, AL  36104


/s/ James B. Prude
James B. Prude (PRU005)
*Assistant Attorney General*


Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  JPrude@ago.state.al.us

86786/87878-001