IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY JAMES JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| vs. | ) | 2:05-CV-1074-F |
| | ) | |
| D. T. MARSHALL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RESPONSE TO ORDER**

I. **Jackson's claims were not exhausted in state court.**

The Respondents have obtained all available records from the circuit clerk's office and provided copies of the records to this Court as part of their Response to the petition. After reviewing the records, the Respondents assert that Jackson has failed to properly raise his federal claims in state court, and there has been no state disposition on the merits of the claims. Therefore, his claims are not ripe for review in federal habeas corpus.

Jackson has filed numerous motions in state courts, including the Montgomery County Circuit Court and the Alabama Court of Criminal Appeals, but none of the rulings on motions appear to be a direct ruling on the merits of

claims contained in the motions. Exhibits B, C, G, and F, submitted to the Court in support of the Response to the petition, show that the motions or petitions filed in the circuit court or Court of Criminal Appeals were dismissed without discussion of the merits of the claims contained in the motions or petitions. Furthermore, the petitions for writ of habeas corpus filed in the Court of Criminal Appeals, contained in Exhibits C and G, were not properly filed and were not reviewed on the merits because writs of habeas corpus must be filed in the circuit court.

In Ex parte Miller, 310 So. 2d 890 (Ala. Crim. App. 1975), the petitioner filed an original writ of habeas corpus in the Court of Criminal Appeals. The court noted that the petitioner did not file any petition in the circuit court, and then denied review of the claim in the petition. The court held that it possessed only appellate jurisdiction and stated:

> Under Amendment No. 328 this court is appellate only--with writ jurisdiction auxiliary to matters in which it has appellate jurisdiction and in superintendence and control thereof.
>
> Our basic business in the Court of Criminal Appeals involves appeals, writs of error and writs of error coram nobis. All else, e.g., injunction, habeas corpus, bail, extradition, mandamus, and prohibition revolve around the first category. Indeed, Amendment 328, s 603(c) denies in express terms original jurisdiction except in aid of appellate jurisdiction.

Id. at 890-891.

"The proper method of reviewing the denial of a petition for writ of habeas corpus is by appeal and not by original petition addressed to the appellate court."

2

Clay v. State, 561 So. 2d 1116, 1118 (Ala. Crim. App. 1990). The decision in Clay has been modified, and the Court of Criminal Appeals may entertain original writs raising claims regarding a denial of bail or the setting of excessive bail. See Ex parte Colbert, 717 So. 2d 868, 871 (Ala. Crim. App. 1998)(The Court of Criminal Appeals will entertain "original petitions for a writ of habeas corpus arising out of a circuit court's denial of, or the setting of excessive, pretrial bail."). The rule remains, however, that other types of claims must be raised in the trial court before they may be submitted to the Court of Criminal Appeals. Jackson's claims were not appropriate for review in a petition for writ of habeas corpus relief filed in the Court of Criminal Appeals. Consequently, Jackson did not properly exhaust these claims because he was required to properly raise them in the trial court.

Because the claims have not been properly presented to the state courts, they are not considered exhausted for federal habeas review. "[E]xhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" (some internal quotation marks omitted)." Isaacs v. Head, 300 F.3d 1232, 154 (11th Cir. 2002). Because Jackson obviously has not presented these claims to the state courts in a posture that could allow the state courts to consider the claims, the claims have not been exhausted.

3

## The Double Jeopardy Claim

The double jeopardy claim has not been presented to the state courts in a posture in which the courts could rule on the claim. Jackson made an oblique reference to double jeopardy in petitions that were dismissed by the Court of Criminal Appeals. See Exhibits C and F. This claim was raised in two writs of habeas corpus filed in the Court of Criminal Appeals, which was not the appropriate court in which to raise the claim.

## The Guilty Plea Claims

Jackson's guilty plea claims have not been raised properly raised in state court. Jackson's appropriate remedy would be to file a petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure and raise the claim. Because there has been no proper petition filed in which Jackson raised the claim, the state court has never considered the claim on the merits. Even if Jackson had mentioned the guilty pleas in one of his motions-- the State has not seen any clear reference to invalid guilty pleas in the motions -- the claim would not be exhausted. The claim has to be raised in a posture that would require the state courts to rule on the merits. "In order to be exhausted, a federal claim must be fairly presented to the state courts." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005), citing Picard v. Connor, 404 U.S. 270, 275 (1971). "It is not sufficient merely that the federal

habeas petitioner has been through the state courts ... nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Id. Furthermore, "[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" Id. at 1303. Jackson has not fairly presented this claim to the state courts, and the claim has not been properly exhausted.

## CONCLUSION

Jackson's claims have not been addressed on the merits by the state courts because the claims have not been presented in a posture to require state court rulings. Jackson has filed improper motions, rather than filing a Rule 32 petition in which to raise the claims. Consequently, Jackson's claims are not ripe for federal habeas review.

# EXHIBIT

Exhibit I -   Order Setting Aside Delinquency in CC-1999-163

        Respectfully submitted,

        Troy King – KIN047
        *Attorney General*
        State of Alabama


        /s/James B. Prude
        James B. Prude (PRU005)
        Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>6th</u> day of February, 2006, I served a copy of the foregoing on the Petitioner, by placing the same in the United States Mail, first class, postage prepaid, and addressed as follows:

> Jeffrey James Jackson
> Montgomery County Detention Center
> 250 South McDonough Street
> Montgomery, AL  36104

                        James B. Prude (PRU005)
                        *Assistant Attorney General*

Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  JPrude@ago.state.al.us

96617/89253-001