IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY JAMES JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-CV-1074-MEF |
| | ) | |
| D.T. MARSHALL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Jeffery James Jackson ["Jackson"], a state inmate, on November 6, 2005. In this petition, Jackson challenges the constitutionality of his confinement pursuant to convictions imposed upon him by the Circuit Court of Montgomery County, Alabama. In a response filed with this court on February 6, 2006, the respondents assert that Jackson has failed to exhaust state remedies with respect to each of the claims now pending before this court.

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it appears that Jackson has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief. This court does not deem it

appropriate to rule on the merits of Jackson's claims without first requiring that the petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of Jackson's state court collateral proceedings as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, ___ U.S. ___, 125 S.Ct. 1528, 1535 (2005). Accordingly, it is

**ORDERED that on or before February 24, 2006 the petitioner shall show cause why his petition should not be dismissed for failure to exhaust state remedies.**

Done this 10th day of February, 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE