IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY JAMES JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:05-CV-1074-MEF |
| ) | [WO] |
| ) | |
| D.T. MARSHALL, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Jeffery James Jackson ["Jackson"], a state inmate, on November 6, 2005. In this petition, as amended, Jackson challenges the constitutionality of his confinement on a *receiving stolen property* conviction imposed upon him by the Circuit Court of Montgomery County, Alabama in 2002[1] and criminal charges currently pending against him for robbery and murder. In a response filed with this court on February 6, 2006, the respondents assert that Jackson has failed to exhaust remedies available in the state courts with respect to each of the claims now pending before this court.

---

[1] At the time of his arrest for robbery and murder, Jackson was serving the probationary term of the sentence imposed upon him for receiving stolen property. On February 23, 2004, the trial court declared Jackson delinquent in such case. *See Respondents' Exhibit I*. The court subsequently determined that "the declaration of delinquency [in the receiving stolen property case] was within [its] jurisdiction . . ." *Id*.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(1)(b)(1)(A). Jackson, nevertheless, argues that he "should not be required to exhaust state remedies" as he erroneously believes that "[t]he state courts are not authorized . . ." to review his claims. *Petitioner's February 23, 2006 Response - Court Doc. No. 22* at 2. The record in this case demonstrates that Jackson has not yet exhausted his available state court remedies. This court does not deem it appropriate to rule on the merits of Jackson's claims for relief without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, a stay of this case is not warranted pending the outcome of Jackson's state court collateral proceedings as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, ___ U.S. ___, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that the petitioner can pursue his state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies.  It is further

**ORDERED** that **on or before March 9, 2006** *the parties may file objections* to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of February, 2006.

/s/ Delores R. Boyd

UNITED STATES MAGISTRATE JUDGE